IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02927-PAB-SKC

MILESTONE ACADEMY, a Colorado nonprofit corporation, and
AMERICAN CHARTER DEVELOPMENT, LLC, an Arizona limited liability company,

    Plaintiffs,

v.

DOUGLAS COUNTY SCHOOL DISTRICT, a Municipal Corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion to Dismiss [Docket No. 12]. The Court has jurisdiction pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 28 U.S.C. § 1367.

## I. BACKGROUND[1]

This cases involves the attempt by plaintiff Milestone Academy ("Milestone") to create a charter school in Douglas County, Colorado. Docket No. 1 at 3, ¶ 9. A group of citizens in Douglas County formed Milestone to open a charter school. *Id.* Around March 15, 2016, Milestone submitted an application to defendant Douglas County School District requesting that Milestone and defendant enter into an agreement allowing Milestone to open the school. *Id.*, ¶ 11. Defendant approved Milestone's

---

[1] The Court assumes that the allegations in plaintiffs' complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

application on January 17, 2017 in a resolution that stated a contract between the parties would be signed within ninety days. *Id.*, ¶ 12; Docket No. 1-1. Milestone and defendant entered into a contract ("Charter Contract"). Docket No. 1 at 5, ¶ 15; Docket No. 1-2. As part of its preparations to open the school, Milestone contracted with plaintiff American Charter Development ("American Charter"), a real estate developer, to acquire and construct a new school building. Docket No. 1 at 5-6, ¶ 17. Over 1,200 students submitted an intent to enroll in the new school. *Id.* at 5, ¶ 16. In reliance on the contract between Milestone and defendant, American Charter purchased a 38-acre parcel in Douglas County to construct a school building. *Id.* at 6-7, ¶¶ 20-21.

The parcel is located in a portion of unincorporated Douglas County that is surrounded on all sides by property that is located in the city of Castle Rock, Colorado. *Id.* at 7, ¶ 23. Douglas County retains jurisdiction over the parcel while Castle Rock has jurisdiction over the neighboring roads that access the property. *Id.* Milestone submitted a "Location and Extents" plan to the Douglas County Planning Commission detailing the planned improvements to the parcel, a traffic management plan, a traffic impact study, and landscape and irrigation designs. *Id.*, ¶ 24. The traffic impact analysis and traffic management plan were sent to the Town of Castle Rock for review, and Castle Rock approved both on July 24, 2017. *Id.* at 8, ¶ 28. On September 5, 2017, defendant adopted a resolution prohibiting Milestone from proceeding with its plan. *Id.* at 11, ¶ 38. Milestone submitted a new plan to the Douglas County Planning Commission on September 1, 2017 that was approved by the commission on September 18, 2017. *Id.* at 11-12, ¶¶ 40-42.

On October 13, 2017, American Charter applied for a permit to begin earthwork on the parcel. *Id.* at 12, ¶ 46. The deputy director of engineering for Douglas County, however, informed American Charter its permit could not be granted because the Charter Contract had been revoked. *Id.*, ¶ 47. The Charter Contract was not revoked at the time. *Id.* at 13, ¶ 48. Milestone and American Charter learned from the Board of Education's website that the Board of Education was to vote on the Charter Contract at a meeting on October 17, 2017 (the "Meeting"). *Id.*, ¶ 49. Plaintiffs asked defendant for time to speak at the Meeting. *Id.*, ¶ 50. At the Meeting, the Board of Education found that the Charter Contract had been abrogated because Milestone failed to submit "a location lease or purchase agreement, a written financing commitment, and an approved traffic plan for an appropriate charter school facility" by August 1, 2017. *Id.*, ¶ 52. The Board of Education denied Milestone an opportunity to cure these deficiencies at the Meeting because the deadline to cure had passed. *Id.* at 13-14, ¶ 53. The Board also demanded that Milestone no longer hold itself out as a valid charter school. *Id.*

Milestone brings claims against defendant for deprivation of its due process rights under § 1983, and breach of contract, and breach of the covenant of good faith and fair dealing under state law. *Id.* at 20-24, ¶¶ 77-96. Milestone and American Charter bring a claim against defendant for promissory estoppel under state law. *Id.* at 24-26, ¶¶ 97-105.

## II.  LEGAL STANDARD

A motion under Rule 12(b)(1) is a request for the Court to dismiss a claim for

3

lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Id.* at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted). An affirmative defense, such as the statute of limitations, may be considered on a motion to dismiss under Rule 12(b)(6) only when a plaintiff admits every element of the affirmative defense in the complaint. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

## III. ANALYSIS

### A. Due Process Claim

Defendant asserts Milestone's due process claim is time barred and should be dismissed pursuant to Rule 12(b)(6). Docket No. 12 at 5-6. Defendant argues that in Colorado the limitations period for a § 1983 claim is two years based on Colo. Rev. Stat. 13-80-0102(1)(g) to (1)(I). *Id.* at 6. Defendant claims that, since plaintiffs allege that Milestone's rights were violated at the October 17, 2017 Meeting, the limitations period on plaintiffs' § 1983 claim ran two years later on October 17, 2019. *Id*. Plaintiffs, however, filed suit on September 28, 2020. *See* Docket No. 1. Alternatively, defendant argues that Milestone's claim fails to allege the elements of a due process claim. *Id.* at 6-8. Plaintiffs do not deny that a two year statute of limitations applies to its § 1983 claim, but assert that defendant's motion should be denied because making factual determinations as to an affirmative defense such as the statute of limitations is premature and plaintiffs need discovery to dispute this claim. Docket No. 24 at 6-7. Plaintiffs additionally argue that the continuing violation doctrine should apply to extend the accrual of Milestone's due process claim after September 28, 2018. *Id.* Finally, plaintiffs claim that the statute of limitations was tolled and does not bar Milestone's due process claim. *Id.* at 7-8.

The statute of limitations is an affirmative defense that the defendant must raise at the pleading stage of litigation. *Fernandez*, 883 F.3d at 1298-99. Although a plaintiff is not required to anticipate defenses in the complaint, *id.* at 1299, "when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for

5

those elements," a complaint can be properly dismissed based on an affirmative defense. *Id.* (citing *Xechem*, 372 F.3d at 901). Specifically, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citing *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 597 (4th Cir. 1976)).

The statute of limitations for § 1983 claims is determined by the applicable state statute; in Colorado, the applicable statute of limitations is two years. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). The clock begins running on the statute of limitations period when a claim accrues, which is when the plaintiff has reason to know of the injury that is the basis for its action. *Burkley v. Corr. Healthcare Mgmt. of Okla.*, 141 F. App'x 714, 716 (10th Cir. 2005) (unpublished). Here, the complaint alleges that defendant violated Milestone's due process rights when defendant "found that the Charter Contract had been 'abrogated' and prohibited Milestone from holding itself out as a charter school." Docket No. 1 at 21, ¶ 82. Plaintiffs allege that defendant took this action at a hearing on October 17, 2017. *Id.* at 21-22, ¶ 83. Plaintiffs do not allege that defendant took any action in violation of Milestone's due process rights after October 2017 in the complaint. *See id.* at 20-22, ¶¶ 77-84.

Plaintiffs argue that Milestone's claim accrued within the limitations period under the continuing violation doctrine. Docket No. 24 at 7. The continuing violation doctrine, first applied in Title VII litigation, "would permit a plaintiff to challenge incidents that occurred outside of the statute of limitations if the incidents are sufficiently related and

thereby constitute a continuing pattern of wrongful conduct." *Fogle v. Pierson*, No. 05-cv-01211-MSK-CBS, 2008 WL 821803, at *5 (D. Colo. March 26, 2008) (citation and quotations omitted). The Tenth Circuit has left open the question of whether the continuing violation doctrine applies to § 1983 claims. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011).

Even if the Court applied the continuing violation doctrine to Milestone's claim, plaintiffs do not allege that defendant took any action after October 2017 in violation of Milestone's due process rights. Instead, plaintiffs want to determine whether defendant, in fact, did take such actions. As a result, plaintiffs claim they are entitled to discovery to see if defendant has "internal documentation . . . showing a continuing campaign after October 17 to prevent Milestone from opening." Docket No. 24 at 7. Plaintiffs cite no caselaw supporting a right to such discovery. *See id.* Moreover, courts faced with similar requests for discovery have rejected them. *See e.g., Landon v. Cty. of Orange*, 2009 WL 10740049, at *1 (S.D.N.Y. Aug. 27, 2009) (refusing to allow discovery to cure the deficiencies in a complaint); *Jackson v. First Fed. Sav. of Ark.*, 709 F. Supp. 863, 884 (E.D. Ark. 1988) (refusing to allow discovery for "currently unsuspected facts").

Alternatively, plaintiffs argue that their claim continued to accrue because a "multi-million-dollar judgment" was entered against plaintiff Milestone in 2020. Docket No. 24 at 7. However, it is well settled that a continuing violation is "'triggered by continual unlawful acts, not by continual ill effects from the original violation.'" *Mata*, 635 F.3d at 1253 (quoting *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008)

(unpublished)).  Because plaintiffs' complaint alleges no violations of their rights after September 28, 2018, two years before the complaint was filed, plaintiffs must establish a basis for tolling the statute to avoid dismissal.

"State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions."  *Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1014 (D. Colo. 2007) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)).  Colorado recognizes two situations where equitable tolling is applicable: first, "where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner" and, second, "where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period."  *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996).  Plaintiffs allege defendant intentionally decimated Milestone, preventing plaintiffs from filing a claim because of their lack of assets.  Docket No. 24 at 9.  The complaint, however, contains no plausible allegations that defendant actually impeded plaintiffs from filing a claim.  Plaintiffs cite no authority suggesting a lack of assets is sufficient to create the extraordinary circumstances required for equitable tolling.  Plaintiffs do not claim any other extraordinary circumstances outside of their control that could toll the statute of limitations.  The Court finds that plaintiffs have alleged "no set of facts that toll the statute" under either of the recognized applications and so dismissal is not unwarranted at this stage of litigation.  *See Whitington*, 491 F. Supp. 2d at 1018 (citation omitted).  Plaintiffs also present no grounds to distinguish the state law basis of their due process claims from the federal law basis.  The Court finds that the dates alleged in the complaint clearly show that the statute of limitations has run on Milestone's due process

claim and plaintiffs have failed to carry their burden to show that the statute of limitations has been tolled.  See *Aldrich*, 627 F.2d at 1041 n. 4.  Thus, the Court will dismiss this claim in its entirety.

### B.  Colorado State Law Claims

Plaintiffs' remaining claims arise under state law.  *See* Docket No. 1 at 22-26, ¶¶ 85-105.  Although the Court may exercise supplemental jurisdiction over state law claims if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (brackets, internal citations, and internal quotation marks omitted).  This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits."  *Id.* at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

Plaintiffs do not argue that the Court should retain jurisdiction over their state law claims if their federal claims are dismissed, requesting only that they be dismissed without prejudice.  Docket No. 24 at 13, n. 4.  The Court does not find any compelling reason to retain jurisdiction.  Accordingly, plaintiffs' second, third, and fourth claims for relief will be dismissed without prejudice.  *See Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (unpublished) (holding that, when declining to

exercise supplemental jurisdiction over state-law claims, the court "had discretion either to remand the claims to the state court or to dismiss them"); *see also* Colo. Rev. Stat. § 13-80-111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction); *Artis v. D.C.*, 138 S. Ct. 594, 598 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 12] is **GRANTED**. It is further

**ORDERED** that plaintiffs' first claim for relief is dismissed with prejudice. It is further

**ORDERED** that plaintiffs' second, third, and fourth claims for relief are dismissed without prejudice. It is further

**ORDERED** that judgment shall enter for defendant and against plaintiffs on all claims. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED March 3, 2022.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge