IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-02927-PAB-SKC

MILESTONE ACADEMY, a Colorado nonprofit corporation, and
AMERICAN CHARTER DEVELOPMENT, LLC, an Arizona limited liability company,

      Plaintiffs,

v.

DOUGLAS COUNTY SCHOOL DISTRICT, a municipal corporation,

      Defendant.
_____

**ORDER**
_____

      This matter is before the Court on defendant's Motion for Attorney Fees [Docket No. 36]. Plaintiff Milestone Academy ("Milestone") responded, Docket No. 37, and defendant Douglas County School District replied. Docket No. 38.

## I.    BACKGROUND

      The relevant background facts are set forth in the Court's prior order and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 34 at 1-3. This case involved the attempt by Milestone to create a charter school in Douglas County, Colorado. *See* Docket No. 1 at 3, ¶ 9. Milestone and defendant entered into a contract (the "Charter Contract") to allow Milestone to open the school. *Id*. at 5, ¶ 15. On October 17, 2017, the Board of Education abrogated the Charter Contract. *Id*. at 13, ¶ 52. On September 28, 2020, plaintiffs filed a complaint against defendant. *See generally id*. Milestone asserted a claim against defendant for deprivation of its due process rights under 28 U.S.C. § 1983, as well as several state

law claims for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. *Id*. at 20-26.

Defendant filed a motion to dismiss, arguing in part that the due process claim should be dismissed under the statute of limitations because it was filed more than two years after the claim accrued on October 17, 2017. Docket No. 12 at 5-6. Plaintiffs argued that the motion to dismiss should be denied because making factual determinations on an affirmative defense is premature and plaintiffs needed discovery to dispute the statute of limitations argument. Docket No. 24 at 6-7. Plaintiffs also argued that the due process claim accrued within the limitations period under the continuing violation doctrine[1] and that the statute of limitations period was tolled.[2] *Id*. at 6-10.

On March 3, 2022, the Court dismissed the due process § 1983 claim with prejudice because it was untimely and declined to exercise supplemental jurisdiction over the remaining state law claims. Docket No. 34 at 5-10. For the due process claim, the Court noted that the Tenth Circuit has not determined whether the continuing

---

[1] The continuing violation doctrine, first applied in Title VII litigation, "would permit a plaintiff to challenge incidents that occurred outside of the statute of limitations if the incidents are sufficiently related and thereby constitute a continuing pattern of wrongful conduct." *Fogle v. Pierson*, No. 05-cv-01211-MSK-CBS, 2008 WL 821803, at *5 (D. Colo. March 26, 2008) (citation and quotations omitted). The Tenth Circuit has left open the question of whether the continuing violation doctrine applies to § 1983 claims. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011).

[2] "State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions." *Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1014 (D. Colo. 2007) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). Colorado recognizes two situations where equitable tolling is applicable: first, "where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner" and, second, "where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996).

violation doctrine applies to § 1983 claims, but, even if the Court applied the continuing violation doctrine, the complaint alleged no violations of Milestone's rights after October 2017. *Id.* at 7. The Court stated that Milestone provided no case law supporting a right to conduct discovery to uncover a continuing violation. *Id.* In addition, the Court rejected Milestone's argument that the claim continued to accrue due to a multi-million-dollar judgment entered against it in 2020 because "it is well settled that a continuing violation is 'triggered by continual unlawful acts, not by continual ill effects from the original violation." *Id.* (citing *Mata*, 635 F.3d at 1253). The Court found that plaintiffs "failed to carry their burden to show that the statute of limitations has been tolled." *Id.* at 9. The Court also noted that the complaint contained no plausible allegations that defendant impeded plaintiffs from filing a claim and plaintiffs cited no legal authority suggesting that their lack of assets was sufficient to create the "extraordinary circumstances" required for equitable tolling. *Id.* at 8. Final judgment was entered for defendant on March 7, 2022. Docket No. 35.

On March 21, 2022, defendant filed a motion for attorneys' fees. Docket No. 36. Defendant seeks $17,034.20 from Milestone under 42 U.S.C. § 1988 for the reasonable attorney fees it incurred defending against the § 1983 claim. *Id.* at 2, 5.

## II.   LEGAL STANDARD

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010).

In a civil rights action, the Court has discretion to grant "the prevailing party. . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see also Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."); *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010).  A frivolous suit is one "based on an indisputably meritless legal theory, or whose factual contentions are clearly baseless."  *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  This is a difficult standard for a defendant to meet, and the Tenth Circuit has cautioned that rarely will cases "be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000); *see also Utah Animal Rights Coal. v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009).  Whether attorney's fees are warranted under § 1988 is an issue committed to the discretion of the district court, which has a "superior understanding of the litigation."  *Thorpe*, 367 F. App'x at 919 (quoting *Hensley*, 461 U.S. at 437).

### III.   ANALYSIS

Defendant argues that it is entitled to an award of attorneys' fees because Milestone's § 1983 claim was frivolous because Milestone knew or should have known the claim was untimely and Milestone alleged no set of facts or legal authority to support

its request for discovery, to apply the continuing violation doctrine, or to benefit from equitable tolling.  Docket No. 36 at 4.

The Court finds that defendant has failed to show that Milestone's due process claim was frivolous.  In response to the motion to dismiss, Milestone argued that the statute of limitations period was tolled based on "extraordinary circumstances" because defendant "intentionally decimated Milestone, a nonprofit run by parent volunteers with no assets other than its rights under the Charter Contract" and "[w]ithout the Charter Contract, Milestone had no assets or ability to vindicate its rights."  Docket No. 24 at 9. Relying on *Sokol*, 491 F. Supp. 2d at 1018, Milestone argued that the claim could not be dismissed at this stage because it was not "beyond a doubt" that there was "no set of facts" supporting equitable tolling of the statute.  *Id*. at 8.  The Court disagreed with Milestone, finding that the complaint contained no plausible allegations that defendant impeded the filing of a claim and Milestone cited no legal authority suggesting that lack of assets was sufficient to create the "extraordinary circumstances" required for equitable tolling.  Docket No. 34 at 8.  However, "[t]he mere fact that plaintiff asserted [a tolling argument] outside the parameters established by existing precedent does not mean that [its] claim was 'indisputably meritless.'"  *McClain v. Denver Health & Hosp. Auth.*, No. 17-cv-02238-PAB-NRN, 2019 WL 3996873, at *2 (D. Colo. Aug. 22, 2019) (citation omitted).  Milestone's tolling argument is not an "indisputably meritless" legal theory because no Tenth Circuit precedent has definitively established that a lack of assets never constitutes extraordinary circumstances for equitable tolling.

Furthermore, at the motion to dismiss stage, the Court engaged in a detailed analysis of Milestone's statute of limitations arguments and never labeled the

arguments frivolous.  *See* Docket No. 34 at 5-9; *Jane L. v. Bangerter*, 61 F.3d 1505, 1513-14 (10th Cir. 1995) (discussing how "claims dismissed on 12(b)(6) motions that receive 'careful consideration,' especially as evidenced by lengthy, detailed, and reasoned orders or opinions, are not 'groundless' or 'without foundation.'"); *Gutierrez v. Cobos*, 2016 WL 8738220, at *3-4 (D.N.M. June 22, 2016) (denying attorneys' fees in part because the court never characterized plaintiff's arguments as frivolous and the court issued lengthy opinions that were more than a "cursory review").

Defendant cites two cases in support of its argument that Milestone's claim was frivolous, including *Thorpe*, 367 F. App'x at 914, and *Wilson v. Yavapai Cnty. Sheriff's Office*, 2012 WL 3108843, at *3 (D. Ariz. July 31, 2012).  Docket No. 36 at 4-5. However, the Court finds both cases distinguishable.  In *Thorpe*, an unpublished decision, the Tenth Circuit upheld the district court's award of attorneys fees in a § 1983 case, including fees for several constitutional claims that were outside the statute of limitations.  *Thorpe*, 367 F. App'x at 920.  The Tenth Circuit noted that these untimely constitutional claims "were obviously without merit and should have been withdrawn." *Id*.  The Court finds *Thorpe* distinguishable because the plaintiffs in that case never advanced an equitable tolling argument to extend the statute of limitations.  *See generally id*.; *Thorpe v. Ancell*, No. 03-cv-01181-LTB-BNB, 2006 WL 2406240 (D. Colo. Aug. 18, 2006).  As a result, the claims in *Thorpe* were clearly barred by the statute of limitations.  Furthermore, the Tenth Circuit upheld the award of attorneys' fees in *Thorpe* based on the district court's findings that plaintiffs "played fast and loose with the record. . . to the point some assertions were flatly contradicted by the undisputed facts" and the "factual allegations contained in the complaint were improperly

'concocted' to be publicized in judicial proceedings." *Thorpe*, 367 F. App'x at 924. There are no allegations in this case that Milestone "played fast and loose with the record" or that Milestone concocted the due process claim to embarrass the defendant. *See id*.

In *Wilson*, the court awarded the defendant attorneys' fees in a § 1983 action because plaintiff's claims were barred by "judicial and prosecutorial immunity, the *Younger* abstention doctrine, and applicable statute of limitations." *Wilson*, 2012 WL 3108843, at *3. The court found that plaintiff already had a decision from a state court on one claim. *Id*. The court also found that plaintiff "failed to present any cognizable legal argument that [the false arrest and conspiracy claims] were not time-barred," and therefore these claims were frivolous. *Id*. *Wilson* is distinguishable from the facts of this case because the claims in this case do not involve judicial immunity, prosecutorial immunity, or the *Younger* abstention doctrine. Milestone also advanced an argument on equitable tolling, whereas the plaintiff in *Wilson* did not. *See generally id*.

The fact that the Court found Milestone's allegations to be insufficient to establish equitable tolling does not, standing alone, establish that Milestone's due process claim was frivolous. *See Christiansburg Garment Co.*, 434 U.S. at 421-22 ("a district court [must] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). Accordingly, in the exercise of its discretion, the Court will not award attorneys' fees pursuant to 42 U.S.C. § 1988.

## IV.    CONCLUSION

It is therefore

**ORDERED** that defendant's Motion for Attorney Fees [Docket No. 36] is

**DENIED**.

DATED March 13, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge